**TIPPINS et al. v. PINE VALLEY SCHOOL.**

**No. 5426.**

Court of Appeal of Louisiana. Second Circuit.

April 1, 1937.

W. M. Phillips and D. H. Perkins, both of Shreveport, for appellant.

Cook, Cook & Egan, of Shreveport, for appellees.

HAMITER, Judge.

Alleging that they are four of the five legitimate children of R. T. Tippins, deceased, and as such own an undivided one-twentieth interest in and to a certain five-acre tract of land in Caddo parish, which they inherited from their father, plaintiffs instituted this suit asking a cancellation and annulment of an instrument describing such property, executed by them in favor of defendant corporation. They further allege that "the purported deed" was obtained through fraud and misrepresentation, and also that no consideration therefor was paid to them. As to this last-mentioned allegation, article 9 of their

petition recites: "IX. Your petitioners further show that the said purported deed recites a consideration of Ten and No/100 ($10.00) Dollars cash in hand paid to your petitioners, but that in truth and in fact nothing whatever was paid to your petitioners and that there was no consideration whatever paid to your petitioners for the signing of this instrument."

An exception of no cause or right of action was filed by defendant. This was overruled.

Defendant then answered, admitting plaintiffs' alleged relationship to decedent and that they executed a quitclaim deed in defendant's favor quitclaiming all of their interest in and to said property. It denies plaintiffs' ownership of the property, and all charges of fraud and misrepresentation in the procurement of the instrument. In answer to the above-quoted allegation of plaintiffs' petition, defendant avers: "IX. The allegations contained in Paragraph IX of plaintiffs' petition are admitted, except the allegation that said deed is a purported deed, which is denied."

The answer also recites:

"XII. Further answering, your defendant shows that about the 7th day of March, 1936, all of the plaintiffs in the above cause appeared before Harper F. Willis, a Notary Public duly commissioned and qualified in and for Caddo Parish, Louisiana, and signed an instrument disclaiming all and any rights and interest in and to the property and land described in Paragraph II of plaintiffs' petition, said plaintiffs declaring in said instrument which they then signed that they were the sole heirs of R. T. Tippins and his wife, Josephine Tippins, and that said property described in Paragraph II of plaintiffs' petition was, on April 23, 1913, by deed recorded in Conveyance Book 116, Page 736, of Caddo Parish, Louisiana, transformed by Jeff Tyson to the Pine Valley School, whose trustees were D. D. Tyson, Osborn Caldwell, R. T. Tippins and Chess Gibson, and that said R. T. Tippins and Chess Gibson, Trustee, being deceased, said Zetha Tippins Miller, Fannie Tippins Gilliams, Catherine Tippins Watson and Robert Tippins, the heirs of said Trustees, having never had or claimed an interest in said property, did by said instrument signed by them on or about March 7, 1936, relinquish and quitclaim unto said Pine Valley School, a corporation, as the successor of said Trustees, any claim which said plaintiffs may ap-

parently have had in or to said property, and thereby recognizing that said property has always belonged to said school and that no part of said property had ever belonged to any of said plaintiffs, all of which will be more fully shown on trial of this cause.

"XIII. Defendant further shows, that said instrument signed by said plaintiffs about March 7, 1936, embodying said facts set out in Paragraph XII of this answer, was signed by them after a full explanation of the contents thereof, by both your defendant and the said Notary Public before whom said instrument was signed and passed, and after a full reading and explanation of the whole of said instrument by said Notary Public and D. D. Tyson or Osborn Caldwell to said plaintiffs, and that said plaintiffs and each of them well knew what they were signing and had full and complete knowledge and thorough understanding of the contents of said instrument as well as the effect of their signatures thereto, and at no time were they or any of them informed of any fact or facts that could or did mislead them in regard to either the contents of said instrument or the purpose for which same was signed, all of which was done and signed by said plaintiffs voluntarily and freely.·

"XIV. Your defendant further shows that said R. T. Tippins mentioned in said instrument of date March 7, 1936, which plaintiffs signed, is the same R. T. Tippins named as Trustee of Pine Valley School in said deed from Jeff Tyson to Pine Valley School, as recorded in Conveyance Book 116, Page 736, of Caddo Parish, Louisiana, and that your defendant, Pine Valley School, a corporation, is the successor of said trustees named in said deed from Jeff Tyson to the Pine Valley School, and to all of the rights, privileges and authority formerly vested in said trustees, your defendant having had delivered to it by said former trustees of said school all of the records, papers, and documents concerning said school and belonging thereto, and full and complete authority delivered to and vested in defendant, Pine Valley School, a corporation, to manage, control and conduct the business of said school, its properties, affairs and all matters pertaining thereto."

Subsequent to the filing of the answer, plaintiffs submitted to the court, through the issuance of a rule, the question of their right to a judgment on the petition and

answer. After due hearing, the rule was made absolute and judgment was rendered in plaintiffs' favor annulling and ordering canceled the instrument herein attacked. Defendant then appealed.

According to the briefs of counsel for all parties litigant, the decision of the trial judge was predicated solely on defendant's admission that no consideration was paid to plaintiffs for their signing the instrument, and the correctness of his decision in this respect is the only question here presented for consideration.

In their petition plaintiffs pray merely for the cancellaton and erasure of the offending document. The proceeding is not of the character and nature of a petitory action. Recognition as owners of the aforementioned property is not sought, nor do they ask to be sent into possession of it.

A copy of the instrument in question is not annexed to the pleadings of either the plaintiffs or defendant. However, the answer of the latter describes it in extenso, as above shown, and in effect, avers that in the document plaintiffs made declarations of their having never had or claimed any interest in the property and that such property was acquired by the Pine Valley School in 1913, through their said father, R. T. Tippins, and others, as trustees.

When these last-mentioned factual allegations are accepted as true, and are considered and viewed in connection with defendant's admission of no consideration having been paid, all of which must necessarily be done in passing upon the case as now presented on the petition and answer, the conclusion is reached that the cancellation was incorrectly ordered. If plaintiffs had no interest in the property, as the described instrument signed by them recites, they could convey nothing to defendant, and consequently, were not entitled to be paid a consideration. A person cannot demand payment for something he does not have and cannot convey.

To sustain their position herein, plaintiffs' counsel rely on the provisions of article 1893 of the Revised Civil Code, and the case of Smith v. Gloyd, 182 La. 770, 162 So. 617. The referred to codal provision states: "An obligation without a cause, or with a false or unlawful cause, can have no effect."

According to Webster's New International Dictionary, an obligation is a formal and binding agreement or acknowledgment of a liability to pay a certain sum or do a certain thing. The word "cause" as used in the quoted article means the consideration or motive for making the contract. Revised Civil Code, art. 1896. In the Smith Case, supra, the Supreme Court held that the deed executed by plaintiff therein was a nullity because she had been paid no consideration for the transfer. However, it is definitely and clearly shown in the opinion of that case, and the court so held, that the plaintiff actually owned an interest in the property described in the deed, and that she was conveying such interest through the medium of the instrument without receiving payment therefor.

It may be observed that the foregoing authorities are applicable only where the contracting person has bound himself to do, to convey, or to pay something and is receiving nothing in return. They would be pertinent to the case at bar if from the record, as made up, it conclusively and indisputably appeared that these plaintiffs owned an interest in the property which was being conveyed without consideration. But, as before seen, a situation of that kind is not now before us.

It is therefore ordered that the rule be recalled and discharged, and that the judgment rendered in favor of plaintiffs be avoided and set aside. It is further ordered that the cause be remanded for further proceedings, according to law. All costs incident to the rule and this appeal shall be paid by plaintiffs. Other costs shall abide the final determination of the case.